IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

ELVIS LEWIS, )
      Plaintiff, )
)
v. )
) 1:12cv959 (LMB/IDD)
MARINE CORPS, )
      Defendant. )

## MEMORANDUM OPINION

Before the Court is the defendant's Motion to Dismiss [Dkt. No. 9], filed on November 13, 2012, which argues that the defendant is protected by federal sovereign immunity because pro se plaintiff Elvis Lewis' ("Lewis") claim has not been presented to the appropriate federal agency and falls within exceptions to the waiver of immunity enacted in the Federal Tort Claims Act ("FTCA"). Lewis was provided with proper notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Dkt. No. 11. For the reasons that follow, the defendant's Motion to Dismiss will be granted and the plaintiff's Complaint will be dismissed with prejudice.

### I. BACKGROUND

According to the Complaint, around 5:00 p.m. on April 14, 2011, Lewis purchased a 1991 Yamaha motorcycle from a man he met through Craigslist. Compl. at 1. The man gave the Certificate of Title to Lewis and told him to have it transferred to his name at the Department of Motor Vehicles. Id. While riding the

motorcycle home, some form of accident[1] caused the motorcycle to go off the side of Russell Road by the Route 1 South onramp within the Quantico Marine Base. Id.; Def.'s Mem. of Law in Supp. of Def.'s Mot. to Dismiss ("Def.'s Mem.") [Dkt. No. 10] Ex. 1 ("Police Report") at 5. When Marine Corps Police arrived, neither Lewis nor his brother, who was riding a different motorcycle, could provide any form of identification. Id. The police performed a Virginia Criminal Information Network check using their names and social security numbers, and discovered that Lewis' license was suspended for failing to complete a court ordered clinic as a result of driving on a suspended license charge, and his brother's license did not include a motorcycle endorsement. Id. When searching Lewis and his brother, the police found that each man possessed a small plastic bag containing "a green leafy substance" that field tests preliminarily indicated contained marijuana. Id.

Neither motorcycle was registered or insured in its rider's name, and Lewis' brother's motorcycle displayed a fictitious motorcycle registration. Compl. at 1; Police Report at 5. Lewis and his brother did possess title documents in other individuals' names, which they gave to the police. Compl. at 1;

---

[1] The Complaint alleges that Lewis "accidentally 'laid down' on the side of the road and stayed there for a little while." Compl. at 1. The police report states that Lewis "lost control" of the motorcycle "while attempting to come to a stop and as a result the motorcycle fell onto its left side and began an uncontrolled slide." Def.'s Mem. Ex. 1 at 5.

2

see also Def.'s Mem. Ex. 3. The title to Lewis' motorcycle indicated that the motorcycle had been sold on August 28, 2010, for $1,000.00. Def.'s Mem. Ex. 3. The space designated for "Signature of seller(s)" was endorsed by the former owner but the space designated for "Signature of buyer(s)" was blank. Id.

Because the accident had caused disabling damage to Lewis' motorcycle, military police called L&G's Towing ("L&G"), which had a Wrecker Service Agreement ("WSA") with the Marine Corps, to tow both motorcycles to its storage facility. Police Report at 2, 5; Compl. at 1; Def.'s Mem. Ex. 2. The WSA specifies that L&G "shall remain independent contractors, and shall not deem to be [sic] employees of the Provost Marshal Office, MCB Quantico, VA or the Federal Government." Def.'s Mem. Ex. 2 § I ¶ 2.

Lewis and his brother were detained and taken to the Provost Marshal's Office ("PMO"), interviewed, and issued several citations. Police Report at 5. They were also given contact phone numbers for the PMO and for L&G. Compl. at 1. When they were released, the police returned the title certificate for Lewis' brother's motorcycle to Lewis' brother, but did not return the title certificate for Lewis' motorcycle to Lewis. Id. When he asked why, Lewis was told that the certificate of title would be returned during his court date for the issued citations. Id.

Lewis' brother was able to pick up his motorcycle from L&G three days after the accident. Id. at 2. Lewis called L&G four or five times and was told that he needed to have the certificate of title before they would return his motorcycle. Id. at 2. Lewis called the PMO and was informed that his motorcycle was being held for evidence on suspicion that it was stolen; when he called again later, the PMO told him that his motorcycle would be held until his court date, when his title would be returned. Id. at 1-2. When he appeared for his court date on September 12, 2011, however, he was informed that his motorcycle had been sold. Id. at 2.

Lewis did not submit an administrative claim to the Marine Corps for the value of his motorcycle. Def.'s Mem. Ex. 4 ("Misemer Aff."). Instead, proceeding pro se, Lewis filed this civil action on August 29, 2012, requesting $2,000.00 in reimbursement from the Marine Corps for the loss of his property. Dkt. No. 1. On November 13, 2012, the government filed the instant Motion to Dismiss, along with a proper Roseboro notice. Dkt. Nos. 9, 11. Because as of December 10, 2012, Lewis had not filed any response to the Motion to Dismiss, the Court cancelled oral argument and advised the plaintiff that unless he responded within five business days, the Motion to Dismiss would be resolved based on the government's unopposed submission. Dkt. No. 16. As of close of business on December

4

17, 2012, Lewis has not filed a response. Accordingly, the matter is now ripe for decision.

## II. DISCUSSION

### A. Standard of Review

If "a defendant challenges the existence of subject matter jurisdiction in fact, the plaintiff bears the burden of proving the truth of such facts by a preponderance of the evidence." Warren v. Sessoms & Rogers, P.A., 676 F.3d 365 (4th Cir. 2012) (quoting Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009)). When deciding a 12(b)(1) motion, "the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). There is no "presumption reserving the truth finding role to the ultimate factfinder"; instead, "the court in a 12(b)(1) hearing weighs the evidence to determine its jurisdiction." Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).

### B. Analysis

Unless Congress enacts "a waiver, sovereign immunity shields the Federal Government and its agencies from suit." FDIC v. Meyer, 510 U.S. 471, 475 (1994). The Federal Tort Claims Act (FTCA) "represents a limited congressional waiver of

5

sovereign immunity for injury or loss caused by the negligent or wrongful act of a Government employee acting within the scope of his or her employment." Medina v. United States, 259 F.3d 220, 223 (4th Cir. 2001). The scope of that waiver "is limited by a series of specific exceptions outlined in the Act, each of which is considered jurisdictional." Welch v. United States, 409 F.3d 646, 651 (4th Cir. 2005). Moreover, the FTCA requires a claimant to present an administrative claim to the appropriate federal agency before instituting a civil action in federal court against the United States or the agency. See 28 U.S.C. § 2675(a); McNeil v. United States, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.").

The government makes three arguments, each of which is sufficient to dismiss plaintiff's claim for lack of jurisdiction: (1) Lewis failed to present an administrative claim to the Marine Corps, the appropriate agency, as required by 28 U.S.C. § 2675(a); (2) this action falls under the FTCA exception for detention of property by law enforcement, 28 U.S.C. § 2680(c); and (3) this action falls under the FTCA exception for independent contractors, 28 U.S.C. § 2671. Although failing to present an administrative claim normally would result in a dismissal without prejudice, Lewis' claim falls within two exceptions to the waiver of sovereign immunity

embodied in the FTCA. Accordingly, even if Lewis were to present his administrative claim to the Marine Corps, further litigation would be fruitless. The Complaint will therefore be dismissed with prejudice.

1. Failure to Exhaust

Under the FTCA:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). Courts have found this exhaustion requirement to be jurisdictional. See Henderson v. United States, 785 F.2d 121, 123 (4th Cir. 1986) ("It is well-settled that the requirement of filing an administrative claim is jurisdictional and may not be waived.").

The affidavit of Frank Misemer, the Office Manager or Paralegal for the Office of the Staff Judge Advocate, Marine Corps Base Quantico, states that there is no record of Lewis submitting a claim through his office, through the Office of the Judge Advocate General, Tort Claims Unit Norfolk, or through the Section Head for Claims, Headquarters Marine Corps, MRP-2 Claims Office. See Misemer Aff. ¶¶ 1-3. This conclusion is based on his review of the records in his own office and his communications with staff in the other offices about their

review of their records. Id. No evidence in the record suggests that Lewis did file an administrative claim with the Marine Corps.

Accordingly, Lewis has not exhausted his administrative remedies and this civil action must be dismissed for lack of subject matter jurisdiction.

2. <u>Detention of Property by Law Enforcement Exception</u>

The FTCA provides that the federal government's waiver of sovereign immunity does not apply to:

> Any claim arising in respect of . . . the detention of any goods, merchandise, or other property by any officer of customs or excise or any law enforcement officer.

28 U.S.C. § 2680(c). The Supreme Court has held that "the broad phrase 'any other law enforcement officer' covers all law enforcement officers," and does not "turn on the type of law being enforced." <u>Ali v. Fed. Bureau of Prisons</u>, 552 U.S. 214, 216, 221 (2008). This expansive definition includes the Marine Corps Police. <u>Cf.</u> <u>id.</u> at 216 (holding that Bureau of Prisons officers constitute "law enforcement officers" under § 2680(c)); <u>Estate of Redd v. United States</u>, No. 2:11-CV-1162, 2012 WL 2417610, at *10 (D. Utah June 26, 2012) (holding that Federal Bureau of Investigations and Bureau of Land Management officers constitute "law enforcement officers" under § 2680(c)).

Moreover, "'any claim arising in respect of' the detention of goods means any claim 'arising out of' the detention of goods, and includes a claim resulting from negligent handling or

8

storage of detained property." Kosak v. United States, 465 U.S. 848, 854 (1984). Lewis' claim arises out of the seizure of his motorcycle by the Marine Corps Police and its storage by a private contractor. See Compl. at 2 (alleging that Lewis' "property was mistakenly taken from him under wrong impression that he had stole it" and then was sold rather than returned); cf. Kosak, 465 U.S. at 849-51 (holding that the § 2680(c) exception applied to a claim that customs officials damaged pieces of art while holding them on suspicion that they had been smuggled).

Accordingly, this civil action falls within the exception in § 2680(c) to the FTCA's waiver of sovereign immunity. An exception to this exception applies, however, and the United States is subject to suit, if the injury or loss of goods occurs while the goods are in the possession of a law enforcement officer, the property was seized for the purpose of forfeiture, and several other conditions are met. See 28 U.S.C. § 2860(c)(1)-(4); Ali, 552 U.S. at 221-22 (observing that the exception to the provision "does not govern petitioner's claim because his property was not 'seized for the purpose of forfeiture,' as required by paragraph (1)"). This action does not fall within this exception to the exception because the loss of goods occurred while the motorcycle was in the possession of a government contractor, not law enforcement. See Compl. at 1;

9

Def.'s Mem. Ex. 2. Further, the property was not seized for purposes of forfeiture but because the motorcycle was disabled, because its rider, Lewis, was apprehended for possession of a controlled substance, and because police suspected that the motorcycle was stolen and needed to hold it as evidence. Police Report at 2, 5; Compl. at 2.

The Court therefore lacks jurisdiction to hear this civil action because the defendant is protected by federal sovereign immunity.

### 3. Independent Contractor Exception

Even if the exception in § 2680(c) regarding the detention of property did not apply to this civil action, Lewis' claim would still fail because it falls into the independent contractor exception to the FTCA. The United States "has not waived the sovereign immunity of the United States for injuries resulting from the actions of independent contractors performing work for the government." Robb v. United States, 80 F.3d 884, 887 (4th Cir. 1996); see also 28 U.S.C. §§ 1346(b), 2671; United States v. Orleans, 425 U.S. 807, 814 (1976). Whether a person or entity is an employee or contractor is governed by federal law. Robb, 80 F.3d at 887. A critical element for determining the distinction "is the power of the Federal Government to control the detailed physical performance of the contractor." Orleans, 425 U.S. at 814 (quoting Logue v. United States, 412 U.S. 521, 528 (1973)) (internal quotation marks omitted).

Lewis' motorcycle was towed by L&G at the request of the Marine Corps Police. Compl. at 1, Police Report at 5. L&G performed these services pursuant to the WSA. Def.'s Mem. Ex. 2. The WSA refers to L&G as the "Contractor" and provides that L&G "shall remain independent contractors, and shall not deem to be [sic] employees of the Provost Marshall Office, MCB Quantico, VA or the Federal Government." Id. § I ¶ 2. L&G was required to adhere to the terms of the PMO's Towing Policy, which were incorporated into the WSA and could be changed by the PMO at any time, but were not subject to monitoring or other forms of government control. Id. Moreover, Lewis bears the burden of showing that L&G was in fact a government employee, but has presented no evidence to support that proposition or to contest the WSA's characterization of L&G as an independent contractor.

Accordingly, Lewis' claim falls into the independent contractor exception to the FTCA and must therefore be dismissed for lack of subject matter jurisdiction.

### III. CONCLUSION

For the reasons stated above, the defendant's Motion to Dismiss will be granted and this civil action will be dismissed with prejudice by an appropriate Order to be issued with this Memorandum Opinion.

Entered this 18th day of December, 2012.

Alexandria, Virginia

/s/ _____
Leonie M. Brinkema
United States District Judge